**Garland Wesley HENSLEY**

**v.**

**H. W. RANSON.**

**Civ. A. No. 286–73–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 30, 1973.

F. Guthrie Gordon, III, Lowe & Gordon, Charlottesville, Va., for plaintiff.

Robert E. Shepherd, Jr., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff brings this action to effectively forestall the threatened revocation of his driver's license on the basis of a traffic record which includes one traffic conviction which plaintiff claims to be constitutionally infirm, due to the fact that he was not afforded the assistance of counsel with respect thereto. *Cf.* Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972).

Jurisdiction is conferred on this Court by virtue of 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Defendant has moved to dismiss and plaintiff has responded to that motion. The matter is now ready for determination.

Basically, the facts are the following. On October 3, 1969, plaintiff was convicted of the offense of driving on a revoked driver's license in the County Court for the County of Rockingham. Plaintiff alleges that he was not represented by counsel in that action and claims not to have waived his right to counsel.[1] As a result of his conviction, plaintiff received a ten day jail sentence. On April 24, 1973, the defendant, acting in his official capacity as evaluator for the Driver Information Request Department of the Division of Motor Vehicles for the Commonwealth of Virginia, certified to the Commonwealth's Attorney for Rockingham County a copy of plaintiff's driving record which included the conviction of October 3, 1969. On the basis of the record so certified to him the Commonwealth's Attorney has brought an action in Rockingham County Court seeking to have plaintiff declared an habitual offender under the Virginia Motor Vehicle Code. See §§ 46.1–387.1—46.1–387.12, Code of Virginia. A decision adverse to the plaintiff in that action would result in his loss of driving privileges for a period of ten years. § 46.1–387.8, Code of Virginia.

Plaintiff seeks an order from this Court directing the defendant to disavow his previous certification of plaintiff's driving record and to revise that record by deleting the traffic conviction in question.

■ The recent decision by the United States Court of Appeals for the Fourth Circuit in Marston v. Oliver, 485 F.2d 705 (1973) makes clear that plaintiff's claim must fail. The Court in *Marston* clearly held that *Argersinger* should not be applied retroactively solely to preclude the imposition of civil disabilities as a collateral consequence of a misdemeanor conviction wherein the accused's right to counsel was not observed.[2] *Marston, supra,* at p. 708. Rather, Argersinger should be applied retroactively only where future imprisonment is a possibility.[3] *Marston, supra,* at p. 708. This is so even in the case of a party who has already served a prison sentence with respect to the conviction in question and continues to face the prospect of civil disabilities resulting from said conviction.[4]

■■ Finally, the requirement that a threat of future imprisonment be shown, in order to establish a case for the retroactive application of *Argersinger,* is not met by the fact that plaintiff may be imprisoned at some future date for driving without a license, assuming the revocation of his driver's license in the state proceedings presently under way. This vague possibility is simply too remote to provide the necessary ingredient called for in *Marston. Cf.* Fer-

1. It is to be noted that under the decision in Argersinger v. Hamlin, supra, not all accused misdemeanants have a constitutional right to counsel. However, due to the ultimate disposition of this case, the Court does not find it necessary to reach the question of whether this plaintiff had a right to counsel with respect to the traffic conviction complained of.

2. Of particular significance is the fact that the decision in *Marston, supra,* also involved a Virginia resident and was reached in the context of the very statute under which plaintiff here is threatened with the loss of his driving privileges.

3. Although it is not necessary to the decision in this case, the Court would note that its understanding of the *Marston* holding is that *Argersinger* would apply *prospectively* as grounds for collaterally attacking a misdemeanor conviction where future imprisonment is not threatened but civil disabilities resulting from that conviction are still a possibility. Accordingly, assuming *Argersinger* would be applicable in the first instance and assuming the petitioner in *Marston* and the plaintiff in this case had been convicted subsequent to the *Argersinger* decision, they would not be precluded from relief for the reasons stated in *Marston.*

4. These are the very facts on which *Marston* was decided.

guson v. Gathright, 485 F.2d 504 (4th Cir. 1973). Moreover, it is to be noted that the same possibility existed in *Marston* and, while the Court there did not comment upon it, this Court, being bound by the judgment in that case, must presume that it was considered and rejected as supplying the necessary element.

As plaintiff has alleged nothing in this case suggesting a direct possibility of future imprisonment resulting from his alleged invalid conviction, which possibility could be averted by a decision favorable to him in this action, defendant's motion to dismiss will be granted and judgment will be entered for the defendant.

An appropriate order shall issue.