**Jack D. MORGAN, Appellant,**

v.

**JUVENILE AND DOMESTIC RELATIONS COURT, HALIFAX COUNTY, VIRGINIA, and Virginia Penal Systems, Richmond, Virginia, Appellees.**

No. 71–1122.

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 9, 1973.

Decided Jan. 29, 1974.

Before HAYNSWORTH, Chief Judge, and RUSSELL and FIELD, Circuit Judges.

## MEMORANDUM DECISION:

Petitioner, Jack D. Morgan was convicted of the crime of non-support, a misdemeanor, and was sentenced by the Halifax County, Virginia, Juvenile and Domestic Relations Court to a twelve month term of imprisonment. Morgan did not appeal this conviction and has not sought state post conviction relief. Morgan subsequently sought habeas corpus relief in the district court contending that he was denied counsel at his trial. The district court dismissed the petition for failure to exhaust state remedies and this appeal followed.

We do not feel that the exhaustion of remedies principle requires that Morgan present his claim to the state courts. Since he no longer is imprisoned, Morgan has no state remedy currently available to him by reason of the recent rulings of the Virginia Supreme Court in Blair v. Peyton, 210 Va. 416, 171 S.E.2d 690 (1970), and Moore and Ancarrow v. Peyton, 211 Va. 119, 176 S. E.2d 427 (1970). In *Blair* the court stated that the Virginia habeas corpus statutes are designed to provide relief "in the form of discharge" (Va.Code, § 8–603) from the "person in whose custody" (Va.Code, § 8–598) a petitioner is "detained without lawful authority" (Va.Code, § 8–596). The court then went on to hold that where a "petitioner is no longer detained and there is no custody from which to discharge him," the court is without jurisdiction to en-

tertain the case. *Blair, supra,* at 691, 171 S.E.2d.

The Supreme Court recently held in Argersinger v. Halmin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Because *Argersinger* forbids imprisonment as a consequence of an uncounseled misdemeanor conviction, the trial judge must determine at the outset of the case whether he wishes to retain the option of imposing a statutorily authorized prison term by providing the accused the assistance of counsel.

In this case, however, petitioner's claim is not supported by *Argersinger*. In Marston v. Oliver, 485 F.2d 705 (4th Cir. 1973), we held that where the direct or collateral consequences of a misdemeanor conviction do not relate to the loss of liberty or imprisonment of the defendant, *Argersinger* should not be applied retroactively to invalidate prior convictions. Even prospectively *Argersinger* excises from the uncounseled misdemeanor conviction only those consequences, direct or collateral, which relate to loss of liberty or imprisonment. Since Morgan is no longer imprisoned and alleges no collateral consequences placing his continued liberty in jeopardy, even if he was denied counsel at trial and there was no knowing and intelligent waiver of counsel, he is not entitled to habeas corpus relief. *See* Berry v. Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973).

Accordingly, Morgan's request for a certificate of probable cause to appeal is denied.