Garland Wesley **HENSLEY**

v.

**H. W. RANSON, etc.**

**Civ. A. No. 286-73-R.**

United States District Court,
E. D. Virginia,
Richmond Division.

March 19, 1974.

See also D.C., 365 F.Supp. 1374.

F. Guthrie Gordon, III, Lowe & Gordon, Charlottesville, Va., for plaintiff.

Robert E. Shepherd, Jr., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff has brought this action to forestall the State's threatened revocation of his driver's license on the basis of a record which includes one traffic conviction which the plaintiff claims to be constitutionally infirm. The plaintiff's attack on the underlying traffic conviction is based on a lack of the assistance of counsel with respect thereto. *Cf.* Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), establishing an accused's right to counsel with respect to misdemeanor prosecutions, at least where imprisonment is involved.

Jurisdiction is alleged on the basis of 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

Basically, the facts are the following. On October 3, 1969, plaintiff was convicted of the offense of driving on a revoked driver's license in the County Court for the County of Rockingham, Virginia. Plaintiff alleges that he was

not represented by counsel in that action and claims not to have waived his right to counsel. As a result of his conviction, plaintiff received a ten day jail sentence. On April 24, 1973, the defendant, acting in his official capacity as evaluator for the Driver Information Request Department of the Division of Motor Vehicles for the Commonwealth of Virginia, certified to the Commonwealth's Attorney for Rockingham County a copy of plaintiff's driving record which included the conviction of October 3, 1969. On the basis of the record so certified to him the Commonwealth's Attorney has brought an action in Rockingham County Court seeking to have plaintiff declared an habitual offender under the Virginia Motor Vehicle Code. See §§ 46.1–387.1—46.1–387.12, Code of Virginia. A decision adverse to the plaintiff in that action would result in his loss of driving privileges for a period of ten years. § 46.1–387.8, Code of Virginia.

Plaintiff seeks an order from this Court directing the defendant to disavow his previous certification of plaintiff's driving record and to revise that record by deleting the traffic conviction in question. [1]

The Court deals here with a misdemeanor conviction wherein imprisonment was actually imposed. It is presumed, for purposes of this motion, that the plaintiff herein did not waive any right to counsel that he may have had at the time of his conviction. Therefore, assuming the misdemeanor conviction in question had occurred at the present time, it would clearly be one wherein the plaintiff's right to counsel under the decision in Argersinger v. Hamlin, *supra*, had been violated. However, as the misdemeanor conviction here in issue, in fact occurred before the decision in *Argersinger*, a question has been raised as to the retroactive effect of that decision. There is also some question as to the scope of relief available to one who has been imprisoned as a result of an uncounseled misdemeanor, whether before or after *Argersinger*.

In a memorandum and order filed in this case on October 30, 1973, the Court had dismissed the action on the basis of the decision by the Court of Appeals for the Fourth Circuit in Marston v. Oliver, 485 F.2d 705 (4th Cir. 1973). In *Marston* the Court of Appeals clearly held that the decision in Argersinger v. Hamlin, *supra*, should not be applied retroactively solely to preclude the imposition of civil disabilities as a collateral consequence of a misdemeanor conviction allegedly defective for lack of counsel. *Marston, supra*, 485 F.2d 705, 708.[2] Rather, *Argersinger* should be applied retroactively only where future imprisonment is a direct possibility. *Marston, supra*, 485 F.2d 705, 708. This is in spite of the fact that imprisonment may originally have been imposed as a punishment, and as in *Marston*, the sentence had already been served.

However, on November 5, 1973, the Supreme Court handed down its per curiam decision in Berry v. Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973), in which it held the *Argersinger* decision to apply retroactively. Although *Berry* did not address the precise

---

1. Noting that the injunctive relief requested herein would have the effect of forestalling an ongoing state civil process, the Court is aware of the limitations on its power to grant such relief under the principles of comity and equity which are involved. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); (injunctions affecting state criminal processes). See also, Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed. 2d 688 (1971) (declaratory relief affecting state criminal processes); Lynch v. Snepp,

472 F.2d 769 (4th Cir. 1973) (injunctions affecting state civil processes). There may also be *res judicata* problems involved herein. However, because of the ultimate disposition of this case, the Court finds it unnecessary to address these problems at this time.

2. Of particular significance is the fact that the decision in *Marston* also involved a Virginia resident, and was reached in the context of the very statute under which the plaintiff here is threatened with the loss of his driving privilege. 485 F.2d 705, 706.

issue as presented in both *Marston* and the instant case, this Court considered that references in *Berry* called into question the viability of the principles developed by the Court of Appeals for the Fourth Circuit in *Marston*, and applied in the order dismissing this action. The petitioner in *Berry* was, himself, still faced with the imminent threat of imprisonment as a result of his uncounseled misdemeanor conviction. He had been released on bond pending exhaustion of his appellate processes. *Berry, supra*, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed. 2d 187.

The Court in *Berry, supra*, 414 U.S. at 29, 94 S.Ct. at 194, stated:

> Those convicted prior to the decision in *Argersinger* are entitled to the constitutional rule enunciated in that case; . . . if they allege and prove a bona fide, *existing case or controversy sufficient to invoke the jurisdiction of a federal court.* (Emphasis added)

Among the decisions relied on in *Berry* were Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1912, 20 L.Ed.2d 917 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S. Ct. 1556, 20 L.Ed.2d 554 (1968); Ginsberg v. New York, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968). All three cases had emphasized the collateral effects which often flow from criminal convictions. Carafas v. LaValle, *supra*, in particular, emphasized the *civil disabilities* which are often attendant to criminal convictions.

Because of the doubts engendered by the Supreme Court decision in *Berry*, this Court, acting upon its own motion, vacated its dismissal order of nine days' standing in order to reconsider the matter in light of the *Berry* decision. Rule 59, F.R.Civ.P.

However, since the Supreme Court decision in *Berry*, the Court of Appeals for the Fourth Circuit has re-affirmed its position in *Marston, supra*. Morgan v. Juvenile and Domestic Relations Court, 491 F.2d 456 (1974).[3] Indeed, the Court in *Morgan, supra*, at p. 457 unequivocally stated that:

> *Even prospectively, Argersinger* excises from an uncounseled misdemeanor conviction only those consequences, direct or collateral, which relate to the loss of liberty or imprisonment. (Emphasis added).[4]

It would appear, therefore, that the Court of Appeals reads *Argersinger* to stand for the principle that an uncounseled misdemeanor conviction, which results in imprisonment, is not invalid, *per se*; only the loss of liberty or imprisonment[5] resulting from the con-

---

3. *Morgan*, like *Marston*, also involved a misdemeanant who had been imprisoned as a result of an uncounseled misdemeanor conviction, but who had been released from jail prior to a decision on his *Argersinger* claim. It is not clear, however, whether the misdemeanant, in *Morgan*, had filed his claim prior to his release, as in *Marston*.

4. The language in *Marston* had been somewhat ambiguous on this point. The court stated at 485 F.2d 705, 707: "In *Argersinger*, . . . the Court only invalidated any imprisonment flowing from the conviction; it left intact and outstanding the conviction itself." However, it also stated at 485 F.2d 705, 708: "[the misdemeanor conviction] But, where it does not carry with it these collateral consequences of imprisonment but merely lays the defendant open to a civil proceeding wherein a civil right may be involved, we are of the opinion that neither the purpose nor limited scope of the decision

in *Argersinger* suggests that *its* principle should be applied retroactively." (Emphasis added) The language had seemed to suggest the possibility that *Argersinger* might have *some* prospective effect, even where civil disabilities only were involved, as where the misdemeanant had been incarcerated when he filed his claim, but had been released prior to a decision on that claim.

5. The Court in *Morgan* did not attempt to define the distinction between the "loss of liberty" and "imprisonment." It may be, however, that the "loss of liberty" to one who is on probation or parole is sufficient so as to justify relief under *Argersinger*. *Cf.* Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1968); Greene v. Winston, C.A. No. 174–74–R, mem. decis., July 24, 1973 (E.D.Va.).

viction is invalid; consequential civil disabilities are not. *Morgan, supra,* 491 F.2d at p. 457.

■ Accordingly, the plaintiff's threatened loss of his driving privilege, in this case, if and when it occurs, would not be an invalid result of his uncounseled misdemeanor conviction, under the decisions in *Marston* and *Morgan.*

■ While the Court must admit to great difficulty with the narrow construction given to *Argersinger* in the *Marston* and *Morgan* decisions, particularly considering the broad language in *Berry,* quoted at p. 90, supra, and the reference in *Berry* to Sibron v. New York, *supra;* Ginsberg v. New York, *supra;* and, of particular note, Carafas v. La Valle, *supra*[6], it is nevertheless bound by the opinions of its Court of Appeals.

■ The Court notes as well that, even assuming the decisions in *Marston* and *Morgan* had reached an opposite result, the instant plaintiff would have a remedial problem not present in *Marston* and possibly *Morgan.* Since the plaintiff here did not file his claim prior to his release from imprisonment, he would not have available a remedy under the federal habeas corpus statutes. See Carafas v. LaValle, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The Court has already noted the serious issues regarding the limitations on equitable relief under 42 U.S.C. § 1983, in a case such as this. See n. 1, *supra.*

■ Finally, the Court recognizes the possibility that, if the plaintiff's driver's license is ultimately revoked, and the plaintiff continues to operate an automobile thereafter, he stands the chance of arrest, conviction and imprisonment for so doing. That vague possibility, however, does not supply the missing element in *Marston, supra.* First, the situation, at the present time, does not appear to be one where the loss of liberty will be "automatic and immediate." *Marston, supra,* 485 F.2d 705, 710. Second, the very same possibility was present in *Marston;* and, while the court there did not comment upon it, this Court, being bound by the judgment in that case, must presume that it was considered and rejected, *sub silentio.* Finally, even assuming the suggested possibility had already taken place, the Court considers that based on its reading of *Marston, supra* and *Morgan, supra,* as set out in ,Whorley v. Brillhart, 373 F.Supp. 83 (E.D.Va.) decided this same day, the nexus between the original uncounseled misdemeanor conviction and the imprisonment for driving on a revoked license, in such a case, is simply too remote to serve as the basis for an *Argersinger* claim bridging the gap. *Cf.* Ferguson v. Gathright, 485 F.2d 504 (4th Cir. 1973).

Accordingly, the present action must be dismissed on the basis of the decision by the Court of Appeals for this Circuit in Marston v. Oliver, 485 F.2d 705 (4th

---

6. Carafas v. LaVallee, *supra,* involved a habeas corpus petitioner who had alleged the use of illegally seized evidence in his conviction. An issue arose as to whether the case had been mooted by the petitioner's release from prison between the time he filed his petition and when it was finally decided upon. More specifically, the question was whether the federal habeas corpus remedy was limited to release from confinement or custody. The Court in *Carafas.* held that it was not, but extended to relieve the petitioner from collateral civil liabilities attendant to his conviction. 391 U.S. 239–240, 88 S.Ct. 1556, 20 L.Ed.2d 554.

The situation in *Marston* was, like that in *Carafas,* one involving a habeas corpus petitioner who had been released from imprisonment between the time he filed his complaint and when it was finally decided upon. The Court of Appeals in *Marston* did not view the critical issue as being the *scope of the remedy;* but considered that the underlying *right* for which a remedy was sought was lacking. This was based on its view that an uncounseled *misdemeanor* conviction, unlike an uncounseled felony conviction, invalidates only the "imprisonment flowing from the conviction." *Marston, supra,* 485 F.2d 705, 707.

Assuming the Court of Appeals is correct in *Marston* and *Morgan,* this Court is at a loss to understand why the Supreme Court in *Berry* referenced the decision in Carafas v. LaVallee, which involved a situation that could never occur and a remedy which would never have application under *Argersinger.*

Cir. 1973), as re-affirmed and clarified in Morgan v. Juvenile and Domestic Relations Court, 491 F.2d 456 (4th Cir. 1974).

An appropriate order shall issue.