Charles William **WHORLEY**

v.

**W. H. BRILLHART** et al.

**Civ. A. No. 196–73–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

March 19, 1974.

John C. Lowe, Charlottesville, Va., for plaintiff.

Robert E. Shepherd, Jr., Asst. Atty. Gen., of Virginia, Richmond, Va., for defendants Brillhart and Hill.

Harry W. Garrett, Jr., Bedford, Va., for defendant Scott.

E. Bruce Harvey, Commonwealth's Atty., Campbell County, Rustburg, Va., for defendant Hodnett.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiff herein seeks relief from the various consequences which have fallen upon him as a result of a misdemeanor conviction wherein he was not afforded the assistance of counsel. *Cf.* Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Jurisdiction is alleged on the basis of 42

U.S.C. § 1983 and 28 U.S.C. § 1343; and on the basis of 28 U.S.C. § 2241.

The facts are as follows:

On 'September 26, 1969, the plaintiff, not represented by counsel, was convicted of driving while under the influence of intoxicants and sentenced to jail for thirty days and fined $200.00. The plaintiff served his jail sentence and paid the fine.

On November 4, 1970, action was taken against him in the Circuit Court of Bedford County, under the Virginia Habitual Traffic Offender's Act. § 46.1-387.6, Code of Virginia (1950), as amended. He was not represented by counsel in that proceeding, which resulted in the revocation of his driver's license for a period of ten years. That decision was reached partially on the basis of the plaintiff's uncounseled misdemeanor conviction, referenced above.

On or about January 6, 1973, the plaintiff was alleged to have been driving an automobile in violation of his habitual offender order, which constitutes a felony under Virginia law.

He filed the present action on April 13, 1973, seeking an order:

1. Declaring his conviction of September 26, 1969, for drunken driving, null and void because he was not afforded the representation of counsel, and he had not waived the same.

2. Declaring the action revoking his driver's license null and void: (a) because he was not afforded the representation of counsel, therein, and he had not waived the same; and (b) because the revocation decision was based partially on a misdemeanor conviction, i. e. the drunken driving conviction of September 26, 1969, wherein he had not been afforded the assistance of counsel, and had not waived the same.

There was no mention in the original complaint about the charge, then pending against the plaintiff, for driving on a revoked driver's license. However, on April 16, 1973, three days after the original complaint had been filed, the plaintiff was tried in the Circuit Court for Campbell County, Virginia, on that charge. The plaintiff was found guilty as charged, but imposition of sentence was withheld pending further consideration of the matter. The plaintiff was released on bond pending disposition of the matter by that court.

In a memorandum and order filed on May 23, 1973, the Court dismissed the present action to the extent that it sought a writ of habeas corpus under 28 U.S.C. § 2241. The grounds for dismissal were that habeas corpus relief was unavailable as the plaintiff had not shown that he was "in custody." Whorley v. Brillhart, C.A.No.196–73–R, 359 F.Supp. 539, mem. decis., May 23, 1973 (E.D.Va.). The Court was, of course, unaware at the time of the plaintiff's April 16, 1973, conviction for driving on a revoked license. The matter was held under advisement, however, on the question of whether other appropriate relief might be available under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The parties were requested by the Court to brief the several issues involved.

On July 6, 1973, the plaintiff amended his original complaint to include allegations concerning his conviction for driving on a revoked license, and renewed therein his allegations of jurisdiction on the basis of 28 U.S.C. § 2241, and requested, in addition to the relief previously sought, an order declaring his conviction for driving on a revoked license.null and void.

The parties are presently before the Court on the motions to dismiss filed by the various individual defendants. The plaintiff has responded to those motions and the matter is now ready for disposition.

The Court would begin by recognizing the jurisdictional problems which exist with respect to this claim.

■ First, it is correctly asserted that the plaintiff's amended complaint has cured the previous defect with respect to the allegation of jurisdiction on the basis of 28 U.S.C. § 2241. See Whorley v. Brillhart, C.A.No.196–73–R,

359 F.Supp. 539, mem. decis., May 23, 1973 (E.D.Va.). A convicted criminal, even while released on bond, is sufficiently "in custody" to invoke the habeas corpus jurisdiction of a federal court. See Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). However, it may be that the exhaustion of state remedies requirement, under 28 U.S.C. § 2254(b), precludes habeas corpus relief at this time.

Even assuming the plaintiff, who is on bond awaiting sentencing, has no available state appellate remedies at this time, situations wherein a federal court, acting under its habeas corpus jurisdiction, can interfere with an ongoing state criminal proceeding are limited. See Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). See also, Hart and Wechsler, The Federal Courts and the Federal System (1973 Ed.), at pp. 1491–92.

■ Second, as to the allegation of jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 1343, principles of comity and equity impose severe limitations on the power of federal courts to interfere with state criminal and civil processes. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (injunctions significantly affecting state criminal processes); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (declaratory relief); Lynch v. Snepp, 472 F.2d 769 (4th Cir. 1973) (state civil processes). Principles of res judicata may also be involved, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

However, because of the Court's view as to the ultimate disposition of the case, it need not address these issues further.

■ Proceeding to the merits, it is clear that any claim the plaintiff would raise based on the fact that he was not afforded the assistance of counsel at his driver's license revocation proceeding, must clearly fail under the authority of Ferguson v. Gathright, 485 F.2d 504 (4th Cir. 1973).

Beyond that, it is the conclusion of the Court that the plaintiff's remaining claims, based ultimately on the absence of counsel at the proceeding wherein he was originally convicted of drunken driving, are also precluded on the basis of recent decisions by the Court of Appeals for this Circuit, interpreting the Supreme Court decision in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). See Marston v. Oliver, 485 F.2d 705 (4th Cir. 1973); Morgan v. Juvenile and Domestic Relations Court, 491 F.2d 456, No. 71–1122 (4th Cir. 1974).

In Hensley v. Ranson, 373 F.Supp. 88, mem. decis. March 1974 (E.D.Va.), the Court has this day expressed its view reference the construction given to the Supreme Court decision in Argersinger v. Hamlin by the Court of Appeals for this Circuit: The Court of Appeals, which this Court is duty bound to follow, apparently reads *Argersinger* to mean that an uncounseled misdemeanor judgment of conviction, which results in loss of liberty or imprisonment, is not invalid, *per se*, except as to that part of the judgment resulting in the loss of liberty or imprisonment; consequential civil disabilities are not. Morgan v. Juvenile and Domestic Relations Court, *supra*, 491 F.2d at p. 457. See also, Marston v. Oliver, *supra*.[1]

The complaint in Hensley v. Ranson, *supra*, had charged that the plaintiff's threatened loss of his driving privilege,

---

1. In Hensley v. Ranson, *supra*, 373 F.Supp. at p. 91, n. 6, this Court noted the difficulty it has with the narrow construction given to the *Argersinger* decision by the Court of Appeals for this Circuit in Marston v. Oliver, *supra*, and Morgan v. Juvenile and Domestic Relations Court, *supra*. Prior to the decision in *Morgan*, the Court viewed the Supreme Court decision in Berry v. Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973) as suggesting a broader interpretation of *Argersinger* than that previously announced by the Court of Appeals in *Marston*. The decision in *Morgan*, however, unmistakably re-affirms and clarifies the position taken in *Marston*.

under the Virginia Habitual Traffic Offender's Act, § 46.1–387.6, Code of Virginia (1950), as amended, should be precluded under *Argersinger*, because the plaintiff had not been afforded the assistance of counsel in one of the underlying traffic convictions, which had resulted in a jail term. That action has, this day, been dismissed on the authority of *Marston, supra*, and *Morgan, supra*.

■ It is therefore obvious that the plaintiff's claims, in this case, relating to the record status of his September 26, 1969 drunken driving conviction, and to the November 4, 1970 loss of his driver's license, must likewise be dismissed on the same authority.

There is, however, one additional factor to be considered. The instant plaintiff has, since his loss of his driver's license, been convicted of driving on a revoked license. Although the state court has taken the matter of plaintiff's sentence under advisement, the plaintiff's present release on bond probably constitutes a "loss of liberty" within the meaning of *Marston, supra*, and *Morgan, supra*. *Cf.* Hensley v. Municipal Court, *supra*. Nevertheless, the plaintiff's claim as to this conviction must also fail in this court.

■ Under the decisions in *Marston, supra*, and *Morgan, supra*, the plaintiff's intervening loss of his driver's license

was a valid result of his uncounseled misdemeanor conviction; which, itself, remained valid in all respects, save the term of imprisonment imposed.[2] The license revocation itself having been valid, the conviction thereafter for driving on a revoked license should also be valid. But, see Mays v. Harris, 369 F.Supp. 1348, mem. decis. Oct. 2, 1973; Dec. 4, 1973; and Jan. 29, 1974 (W.D.Va.) (contra).[3]

Indeed, a claim bearing some similarity to that under consideration in this case was rejected in Ferguson v. Gathright, 485 F.2d 504 (4th Cir. 1973). In that case the proceeding wherein the assistance of counsel had not been provided was the license revocation hearing itself, which was one step closer to that habeas petitioner's ultimate conviction for driving on a revoked license.

The petitioner in *Ferguson, supra*, argued that the two step process in that case—the uncounseled license revocation, followed by a conviction for driving on a revoked license—should be viewed as a single, continuous criminal proceeding wherein the petitioner had ultimately suffered a "loss of liberty," after not having been provided with the assistance of counsel at a critical stage in the proceeding.[4] The court in *Ferguson, supra*, 485 F.2d 504, 507, rejected that argument. It considered the nexus between the license revocation proceeding

2. To reiterate, the court in *Marston, supra*, 485 F.2d at p. 707, stated: "In *Argersinger*, . . . the Court only invalidated any imprisonment flowing from the conviction; *it left intact and outstanding the conviction itself*." (Emphasis added). Under the Virginia law, a traffic conviction can serve as the basis for a driver's license revocation, whether or not the conviction was one which involved a jail sentence. § 46.1–387.2, Va. Code (1950), as amended.

3. It should be noted that, while the facts in Mays v. Harris, *supra*, are directly on point, the most recent decision therein was filed the same day as *Morgan, supra*, decided by the Court of Appeals for the Fourth Circuit. The decision in Mays v. Harris was therefore reached without benefit of the principles announced by the Court of Appeals in *Morgan*.

4. Argersinger v. Hamlin, *supra*, was not discussed in Ferguson v. Gathright. The Sixth Amendment was simply referenced. Because the ultimate conviction for driving on a revoked license would be a felony conviction under § 46.1–387.7, Va.Code (1950), as amended, the argument in *Ferguson* more likely should be viewed as having been based on Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963), establishing an indigent's right to the appointment of counsel in a felony prosecution. *Cf.* Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964) (right to counsel extends to all critical stages of a felony prosecution). However, the distinction is not relevant here.

and the ultimate imprisonment on a charge of driving without a license to have been broken by the petitioner's "unilateral decision that he was entitled to operate a motor vehicle without a valid permit." Ferguson v. Gathright, *supra,* 485 F.2d 504, 507. See also, Franklin v. District of Columbia, 248 A.2d 677, 679 (D.C.Ct. of App.1968).

Certainly *Argersinger* cannot be viewed as "bridging the gap" in this case, where there was *both* a valid license revocation, see discussion at pp. 85, 86, *supra,* and a "unilateral decision [to] operate a motor vehicle without a valid permit" intervening between the uncounseled misdemeanor conviction[5] and the ultimate imprisonment for driving on a revoked license.

In response to the plaintiff's final argument, it should be fairly obvious, at this point, that this is not a case governed by the principles in Cottle v. Wainwright, 477 F.2d 269 (5th Cir. 1973), as interpreted by the Fourth Circuit Court of Appeals in *Marston, supra,* 485 F.2d 705, 708.[6]

Cottle v. Wainwright, as interpreted in *Marston,* involved the use of an uncounseled misdemeanor conviction as the basis for a parole revocation, resulting in re-incarceration.[7] The Court, in *Marston,* viewed Cottle v. Wainwright simply as a case where there was an "immediate loss of liberty"—i. e., the parole revocation—collateral to an uncounseled misdemeanor conviction.[8] *Marston, supra,* 485 F.2d 705, at 708 and 710. There were not present in Cottle v. Wainwright, *supra,* the intervening circumstances found here—the valid license revocation and the "unilateral decision . . . to operate a motor vehicle without a permit."

For the reasons set forth above, the defendants' motions to dismiss must be granted and the action dismissed, on the authority of Marston v. Oliver, 485 F.2d 705 (4th Cir. 1973), as reaffirmed and clarified in Morgan v. Juvenile and Domestic Relations Court, 491 F.2d 456, (4th Cir. 1974).

An appropriate order shall issue.

---

5. Again, under *Marston, supra,* and *Morgan, supra,* that conviction was valid in all respects, save the jail sentence imposed therein. *Marston, supra,* 485 F.2d 705, 707. Therefore, for the purposes of events subsequent to release from imprisonment, the prior uncounseled misdemeanor conviction should be viewed the same as one where no imprisonment had been imposed directly therein.

6. The Court would note, however, that there are indications in Cottle v. Wainwright, *supra,* itself which suggest that the Court of Appeals for the Fifth Circuit interprets *Argersinger* to invalidate an uncounseled misdemeanor conviction, in its entirety, if a jail sentence is imposed therein. 477 F.2d 275, See n. 7, *infra.*

7. Noteworthy, however, is the fact that Cottle v. Wainwright actually involved two uncounseled misdemeanor convictions, one of which had included a jail sentence and the other had not. Both had been used as bases for a subsequent parole revocation. The Court in *Cottle* rejected the use of the conviction which had included a jail sentence, as a basis for the subsequent parole revocation;

but not the other. Cottle v. Wainwright, *supra,* 477 F.2d 269, 275. The necessary implication is that the Court in *Cottle* viewed *Argersinger* as invalidating, *in toto,* an uncounseled misdemeanor conviction which includes a jail sentence; but not invalidating a "loss of liberty" collateral to an uncounseled misdemeanor conviction which had not, itself, included a jail sentence. Indeed, the language in Cottle v. Wainwright, *supra,* supports this reading of that decision. Interestingly, this position would appear to be directly converse to that taken in *Morgan, supra,* and *Marston, supra,* the latter purporting to concur in Cottle v. Wainwright, *supra. Marston,* 485 F.2d 705, at 708 and 710.

8. The use of the terms "immediate" in *Marston, supra,* 485 F.2d 705, 708 and "automatic and immediate," at p. 710, is a bit misleading. It is clear that the Court in *Marston* was referring to the loss of liberty resulting from the parole revocation and only collaterally related to the uncounseled misdemeanor conviction, as opposed to a jail sentence included in the uncounseled conviction itself.