312 So.2d 675 (1975)
STATE of Louisiana, Plaintiff-Appellant,
v.
Howard A. LOVE, Defendant-Appellee.
No. 12591.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1975.
Rehearing Denied June 3, 1975.
Writ Refused September 8, 1975.
*676 Speedy O. Long, Dist. Atty., Columbia, for plaintiff-appellant.
Dimos, Brown & Erskine by David G. Erskine, Monroe, for defendant-appellee.
Before AYRES, BOLIN and DENNIS, JJ.
En Banc. Rehearing Denied June 3, 1975.
DENNIS, Judge.
This is a proceeding to have a person declared an habitual offender and prohibited from operating a motor vehicle under the Motor Vehicle Habitual Offender Law, R.S. 32:1471-81.
Adopted in 1972, the Motor Vehicle Habitual Offender Law defines an habitual offender as one who has accumulated within a five year period three or more convictions of certain listed offenses, or ten or more convictions of certain other traffic offenses. When any person has accumulated sufficient convictions to meet the definition of habitual offender under the Law, the Department of Public Safety must submit transcripts of the convictions to the District Attorney for the Judicial District in which the person resides, who then is directed to file a petition alleging that the person is an habitual offender. The court then is required to issue a show cause order against the person involved, and, if at a hearing, it is found that the person is the one who was convicted and that the requisite convictions are included, then the person is ordered to surrender his driver's license. He may not obtain a new license for five years or until a court authorizes it. An appeal may be taken from any final action or judgment entered under the Law in the same manner and form as appeals in civil actions. During the period his license is revoked and ordered surrendered, he is not entitled to drive a motor vehicle on the public highways and, if he does, he may be prosecuted and subjected to imprisonment for not less than one nor more than five years. The law provides also that if any person shall be convicted in Louisiana of an offense which would render him an habitual offender he shall, in addition to the penalty otherwise prescribed by law, be fined not less than $100 nor more than $1,000 and be imprisoned for not less than 30 days nor more than 12 months. R.S. 32:1471-81.
The trial court sustained defendant's exception on the ground that the state's cause of action is based on prior convictions resulting from proceedings in which he had not received, nor waived, the assistance of counsel. For the purposes of the exception, *677 it was established that defendant had accumulated sufficient convictions to meet the definition of an habitual offender but that in connection with two D.W.I. convictions paid a fine without advice or waiver of counsel. The appeal by the state presents the following issues:
1. Is a suit to have a person declared an habitual offender under the Motor Vehicle Habitual Offender Law a civil matter of which the courts of appeal have appellate jurisdiction?
2. Can the state in such proceeding have a person declared an habitual offender on the basis of prior uncounseled convictions if (a) the declaration will result in the loss of his driving privileges, and (b) the declaration could lead to further proceedings resulting in his imprisonment?

1.
The Motor Vehicle Habitual Offender Law authorizes both civil and criminal proceedings against a person related to his operation of a motor vehicle. The initial suit to have a person declared an habitual offender and to revoke his license is a civil matter. It does not involve loss of liberty or threat of incarceration, but its object is the protection of the public in removing from the highways a dangerous driver. R.S. 32:1474-78. On the other hand, two additional proceedings authorized by R.S. 32:1480 and 1481, which may result in enhancement of statutory penalties and imprisonment for driving while classified as an habitual offender, are clearly criminal actions. A previous civil declaration of habitual offender status is essential to the success of any subsequent criminal proceeding, but such prosecutions are necessarily separate and distinct from the civil revocation proceeding. Generally proceedings to revoke an automobile driver's license or to declare him an habitual offender are regarded as civil and not criminal actions. State v. Perreault, 311 A.2d 303 (N.H.1973); State v. Bowles, 311 A.2d 300 (N.H.1973); Huffman v. Virginia, 210 Va. 530, 172 S.E.2d 788 (1970); Parker v. State Highway Department, 224 S.C. 263, 78 S.E.2d 382 (1953); Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579 (1939); Ferguson v. Gathright, 485 F.2d 504 (4th Cir. 1973); Virginia ex rel. Shifflett v. Cook, 333 F.Supp. 718 (W.D. Va.1971); Cf. Commonwealth v. James, 6 Pa.Cmwlth. 493, 296 A.2d 530 (1972); Woodham v. Williams, 207 So.2d 320 (Fla.App.1968); Gardner v. Department of Safety, 198 So.2d 184 (La.App., 3d Cir. 1967); Marston v. Oliver, 485 F.2d 705 (4th Cir. 1973). Therefore, we conclude the suit here is a civil matter of which we have appellate jurisdiction.

2.
In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) the United States Supreme Court held that, absent a knowing and intelligent waiver, no accused may be deprived of his liberty as the result of any criminal prosecution, whether felony or misdemeanor, in which he was denied the assistance of counsel. This decision made clear that the right of an indigent defendant in a criminal trial to the assistance of counsel, which is guaranteed by the Sixth Amendment as made applicable to the states by the Fourteenth, Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963), is not governed by the classification of the offense or whether or not a jury trial is required. In City of Monroe v. Fincher, 305 So.2d 108 (La.Sup.Ct.1974) the Louisiana Supreme Court decided that the holding in Argersinger is not limited to indigents, and that a prior uncounseled D.W.I. conviction may not be used to subject an accused to prosecution and imprisonment as a repeat D.W.I. offender, whether or not his sentence following the prior conviction included imprisonment. The question of what effect these decisions have on civil proceedings in Louisiana appears to be resnova.
*678 The United States Court of Appeals, Fourth Circuit, has held that Argersinger excises from an uncounseled misdemeanor conviction only those consequences, direct or collateral, which relate to loss of liberty or imprisonment. Morgan v. Juvenile and Dom. Rel. Ct., Halifax County, Va., 491 F.2d 456 (4th Cir. 1974). Earlier the court held, for the same reason, that the decision in Argersinger could not be applied retroactively so as to completely invalidate prior misdemeanor convictions for purposes of a revocation proceeding under a Virginia statute similar to the Louisiana Motor Vehicle Habitual Offender Law. Marston v. Oliver, supra. According to the Court of Appeals, the limited scope of the Supreme Court's decision in Argersinger was made clear in the concluding paragraph of Justice Douglas' opinion (407 U.S. at 40, 92 S.Ct. at 2014):
"`The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of "the guilding hand of counsel" so necessary when one's liberty is in jeopardy.'" Id. 485 F.2d at p. 707.
The Arizona Supreme Court agreed and, in answer to a certified question, held that a state can revoke a person's driver's license upon two driving while intoxicated convictions resulting from uncounseled guilty pleas. State v. Sanchez, 110 Ariz. 214, 516 P.2d 1226 (1973). For other applications of these principles to civil proceedings under the Virginia Motor Vehicle Habitual Offender Law see: Hensley v. Ranson, 365 F.Supp. 1374 (E.D.Va.1973); Whorley v. Brillhart, 373 F.Supp. 83 (E. D.Va.1974); Hensley v. Ranson, 373 F. Supp. 88 (E.D.Va.1974).
In criminal proceedings under the Virginia Motor Vehicle Habitual Offender Law federal district courts have reached different results on the issue. In Mays v. Harris, 369 F.Supp. 1348 (W.D.Va.1973) the court granted habeas corpus relief to a prisoner whose imprisonment resulted from a conviction of operating a motor vehicle while classified as an habitual offender because his classification as such was derived from uncounseled convictions of misdemeanor driving offenses. The opinion pointed out that Mays' misdemeanor convictions had resulted not merely in a civil disability, but in addition, imprisonment. Id. at p. 1354. But in Whorley v. Brillhart, 373 F.Supp. 83 (E.D.Va.1973), the court refused to declare invalid such a conviction because it considered the nexus between the license revocation proceeding and the ultimate imprisonment on a charge of driving without a license to have been broken by the petitioner's unilateral decision that he was entitled to operate a motor vehicle without a valid permit. In the instant case, of course, we are not presented with the issue in the context of a criminal proceeding, and we mention the Virginia federal decisions only to emphasize that having a person declared an habitual motor vehicle offender in a civil proceeding may or may not lead to incarceration as the result of a subsequent criminal action under the habitual offender law.
Insofar as the instant civil suit is concerned we find the decisions of the United States Court of Appeals, Fourth Circuit, persuasive. Morgan v. Juvenile and Dom. Rel. Ct., supra; Marston v. Oliver, supra. In our opinion, the constitutional safeguards, as expressed in Argersinger and City of Monroe v. Fincher, do not completely invalidate an uncounseled misdemeanor conviction. Only the loss of liberty or imprisonment resulting from the conviction is invalid; consequential civil disabilities are not. Hensley v. Ranson, supra. To extend Argersinger to automobile driver license revocation proceedings would frustrate the legislatively determined state policy of removing habitually hazardous drivers from the highways. The constitutional foundations for Argersinger, the protection of fair trial and due process, do not require this result.
Accordingly, we conclude the state, in a civil proceeding authorized by the Motor *679 Vehicle Habitual Offender Law, may have a person declared an habitual offender on the basis of prior uncounseled convictions, even though the declaration results in the loss of his driving privileges and possibly will lead to additional proceedings of a criminal nature resulting in his imprisonment.
For the reasons assigned, the trial court judgment sustaining defendant's exception of no cause of action is reversed, and the case is remanded for further proceedings consistent with law and the views expressed herein. Costs of the appeal are assessed to the defendant.
Reversed and remanded.