**Alexander Franklin LITTON, Jr., Plaintiff,**

v.

**Donald E. WILLIAMS, Commissioner, et al., Defendants.**

**Civ. A. No. 81–0147–B.**

United States District Court, W. D. Virginia, Big Stone Gap Division.

July 13, 1982.

---

H. Ronnie Montgomery, Jonesville, Va., for plaintiff.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff, Alexander Franklin Litton, Jr., filed this complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was adjudged an habitual offender under the Virginia Motor Vehicles Habitual Offender Act. Va. Code § 46.1–387.2. Jurisdiction is conferred upon this court by virtue of 28 U.S.C. § 1343.

On December 9, 1981, this court conducted a pre-trial conference in which counsel agreed to submit this case to the court for a decision based on the pleadings and documents filed and without oral argument. In support of plaintiff's claim, plaintiff has filed a complaint, an amended complaint, a memorandum, a stipulation, a letter of good standing from Alcoholics Anonymous, and a copy of his deposition. In response, the defendants have filed an answer, an amended answer, a motion for summary judgment, and a memorandum in support of their motion for summary judgment. The court has thoroughly reviewed the documents filed in this case and has determined that the evidence before the court is sufficient for the court to render a decision.

Plaintiff states that in March of 1979, he was adjudged an habitual offender by the Circuit Court of Lee County, Virginia. The court found plaintiff to be an habitual offender based on these three convictions[1]: Virginia conviction on February 6, 1967, for driving while privilege revoked; Virginia conviction on February 1, 1973, for driving while intoxicated; Tennessee conviction on February 12, 1973, for driving while intoxicated. Plaintiff contends that at all three of these convictions he was not informed of his right to counsel nor was he represented by counsel. On these three occasions plaintiff was convicted and plaintiff alleges that in at least two of the convictions a jail sentence was imposed. Plaintiff has submitted to the court a copy of his arrest warrant for his conviction on February 6, 1967, for driving while privilege revoked at which a sentence of "$100.00 fine and costs and 10 days jail sentence 9 suspended" was imposed. The record is unclear as to the sentences imposed at the other two convictions.[2] Plaintiff argues that the decision in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) and its application in *Mays v. Harris,* 369 F.Supp. 1348 (W.D.Va.1973), *rev'd on other grounds,* 523 F.2d 1258 (4th Cir. 1975) mandates that this court declare invalid any uncounseled conviction which resulted in imprisonment and nullify any habitual offender determination which was based on an uncounseled conviction resulting in imprisonment. Plaintiff claims that since at least one of the convictions used in his habitual offender determination is invalid under *Argersinger,* his adjudication as an habitual offender should be nullified. In relief, plaintiff requests no money damages but does request that his driving record be expunged of the alleged invalid convictions and that the habitual offender determination be nullified.

The defendants admit that plaintiff was adjudged an habitual offender and that the adjudication was based on one offense in which plaintiff was incarcerated even though he was not properly informed of his right to counsel nor was he represented by counsel. However, defendants contend that

---

1. There is evidence in the record of numerous other traffic convictions; however, the court based its determination on only these three.

2. Even though the record is unclear on this point, it is not necessary for it to be clarified since the legal issue plaintiff raises is sufficiently presented even if only one conviction resulted in a jail sentence.

*Argersinger* prohibits only incarceration for uncounseled convictions and does not require that the conviction be declared invalid for all purposes. In defendants' memorandum, they cite several Virginia Supreme Court cases and federal authority for the proposition that *Argersinger* excises from an uncounseled misdemeanor conviction only the direct or collateral consequences relating to imprisonment and does not require that the conviction be declared invalid for all purposes.[3]

The court has reviewed the authority cited by both parties in this case and has determined that plaintiff's adjudication as habitual offender should not be nullified.

In *Argersinger v. Hamlin,* the United States Supreme Court stated "we hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial". *Argersinger,* 407 U.S. at 37, 92 S.Ct. at 2012. The court concluded that

> Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.
>
> The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of the "guiding hand of counsel" so necessary when one's liberty is in jeopardy.

*Id.* at 40, 92 S.Ct. at 2014. However, the *Argersinger* decision does not address the issue of the validity of a conviction when the defendant was uncounseled and received a sentence of imprisonment. *Arger-*singer merely requires that a court invalidate any imprisonment following from an uncounseled conviction, not that the conviction itself be invalidated.

The Fourth Circuit Court of Appeals considered a case similar to the one before this court in *Marston v. Oliver,* 485 F.2d 705 (4th Cir. 1973), *cert. denied,* 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974). In *Marston,* the petitioner brought a *habeas corpus* proceeding challenging a conviction for driving a motor vehicle on November 15, 1968, while his driver's license was revoked or suspended. Petitioner was uncounseled at the time of his conviction and he received a jail sentence and a fine. Petitioner challenged the conviction after his release from custody because the conviction subjected the petitioner to the revocation of his driver's license under the Virginia Habitual Offender Act. The Fourth Circuit Court of Appeals stated:

> In short, the issue posed by the petitioner on this appeal is whether *Argersinger* is to be applied retroactively in order to relieve a defendant, not of the actual sentence imposed on him, but of the collateral consequences of such a conviction on a civil right of a defendant. We are of the opinion that *Argersinger* is not to be so applied retroactively.

*Id.* at 707. The court continued

> In *Gideon,* the felony conviction, whatever the penalty resulting, whether fine or imprisonment, or both, is declared invalid, if uncounseled. In *Argersinger,* on the other hand, the Court only invalidated any imprisonment flowing from the conviction; it left intact and outstanding the conviction itself.... So far as its direct or collateral consequences are the loss of liberty on the part of the defendant, *Argersinger* applies, and while it is perhaps unnecessary to this decision, we are of the opinion that it applied retroactively. But, where it does not carry with it these

---

3. *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980); *Morgan v. Juvenile & Dom. Rel. Ct., Halifax County, Virginia,* 491 F.2d 456 (4th Cir. 1974); *Marston v. Oliver,* 485 F.2d 705 (4th Cir. 1973); *Hensley v. Ranson,* 373 F.Supp. 88 (E.D.Va.1974); *Whorley v. Brillhart,* 373 F.Supp. 83 (E.D.Va.1974); *Whorley v. Commonwealth,* 215 Va. 740, 214 S.E.2d 447 (1975); *McClure v. Commonwealth,* 222 Va. 690, 283 S.E.2d 224, 222 V.R.R. 629 (1981).

collateral consequences of imprisonment but merely lays the defendant open to a civil proceeding wherein a civil right may be involved, we are of opinion that neither the purpose nor limited scope of the decision in *Argersinger* suggests that its principle should be applied retroactively. *Id.* at 708. The court concluded that

Where we would not give it [the *Argersinger* decision] retroactive application is in those cases, like that here, in which the conviction provides merely the possibility of a basis for a loss of a civil right in a subsequent civil proceeding but involves no warrant for imprisonment and where any retroactive application would result in a substantial frustration of a valuable public policy of barring the public highways to criminally careless drivers who represent a peril and hazard to the traveling public.

*Id.* at 710.

The plaintiff in this case has raised the same issue that was raised in *Marston.* Plaintiff states that he received a jail sentence for an uncounseled conviction in 1967. Plaintiff argues that *Argersinger,* decided in 1972, invalidates not only any imprisonment imposed in an uncounseled conviction but that the entire conviction should be invalidated so that there is no possibility of a basis for a loss of civil rights in a subsequent civil proceeding. This court has concluded that in *Marston* the Fourth Circuit Court of Appeals decided this issue otherwise.[4]

For the reasons stated above, the court will enter an Order dismissing plaintiff's complaint.

---

**4.** This court is aware of the fact that the decision in *Mays v. Harris,* 369 F.Supp. 1348 (W.D. Va.1973), *rev'd on other grounds,* 523 F.2d 1258 (4th Cir. 1975), is contrary to this court's determination. However, the cases decided after *Marston v. Oliver, supra,* and *Morgan v. Juvenile & Dom. Rel. Ct., supra,* have consistently

held that consequential civil disabilities resulting from an uncounseled conviction resulting in incarceration are not invalid. *See, Lewis v. United States, supra; Hensley v. Ranson, supra; Whorley v. Brillhart, supra; McClure v. Commonwealth, supra; Whorley v. Commonwealth, supra.*