BERRY *v.* CITY OF CINCINNATI

No. 73–5245.  Decided November 5, 1973

PER CURIAM.

Petitioner, who was serving a sentence for a misdemeanor offense when *Argersinger* v. *Hamlin,* 407 U. S. 25 (1972), was decided, sought relief in the state courts claiming that because *Argersinger* should be accorded retroactive effect and because his trial and sentencing were uncounseled, his conviction should be invalidated. The Supreme Court of Ohio refused to apply *Argersinger* to convictions occurring prior to that decision. *City of Cincinnati* v. *Berry,* 34 Ohio St. 2d 106, 296 N. E. 2d 532 (1973). Petitioner was enlarged on bail pending action on his claim and faces reincarceration should the judgment of the Ohio courts remain undisturbed. The motion to proceed *in forma pauperis* and the petition for certiorari are granted, and the judgment of the Ohio Supreme Court is reversed. Those convicted prior to the decision in *Argersinger* are entitled to the constitutional rule enunciated in that case, *Kitchens* v. *Smith,* 401 U. S. 847 (1971); *Williams* v. *United States,* 401 U. S. 646, 653 and n. 6 (1971) (opinion of WHITE, J.); *Burgett*

v. *Texas,* 389 U. S. 109, 114 (1967); cf. *Adams* v. *Illinois,* 405 U. S. 278 (1972), if they allege and prove a bona fide, existing case or controversy sufficient to invoke the jurisdiction of a federal court. *Sibron* v. *New York,* 392 U. S. 40, 50–58 (1968); *Carafas* v. *LaVallee,* 391 U. S. 234, 237–238 (1968); *Ginsberg* v. *New York,* 390 U. S. 629, 633–634, n. 2 (1968).

*So ordered.*