Merchant MOSBY, Jr., Petitioner,

v.

SUPERINTENDENT, VIRGINIA STATE PENITENTIARY, Respondent.

Civ. A. No. 74-C-45-L.

United States District Court,
W. D. Virginia,
Lynchburg Division.

Sept. 3, 1974.

**6**

J. Frank Shepherd, Lynchburg, Va., for petitioner.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Merchant Mosby, Jr., presently on bond from the respondent pursuant to a judgment of the Circuit Court for the City of Lynchburg, Virginia, entered on April 22, 1974, wherein he was sentenced to serve a term of one year imprisonment, having been convicted of violating § 46.1–387.8 of the Virginia Code, to wit, driving while classified a habitual offender, petitions this court for a writ of habeas corpus. 28 U.S.C. § 2254. Petitioner represents that his detention is illegal since the convictions alleged in the certificate of the Commissioner of the Division of Motor Vehicles which were the basis of his classification as a habitual offender according to § 46.1–387.2 are void because the punishment therefor as provided by the laws of Virginia could have been confinement in jail for not less than ten days, nor more than one year; and that these convictions were imposed while he was not represented by counsel in violation of the principles enunciated in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), as applied retroactively in Berry v. City of Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973) and Mays v. Harris, 369 F.Supp. 1348 (W.D.Va.1973).

Initially, the court recognizes that it might be inappropriate to consider this petition due to the fact that the petitioner has not exhausted his state remedies. Although the Supreme Court of Virginia's decision in Potts v. Superintendent, 213 Va. 432, 192 S.E.2d 780 (1972), may have rendered petitioner's state remedies ineffective thereby excusing exhaustion, Wood v. Superintendent, 355 F.Supp. 338 (E.D.Va.1973); Herndon v. Superintendent, 351 F.Supp. 1356 (E.D.Va. 1972); Cordle v. Woody, 350 F.Supp. 479 (E.D.Va.1972); in light of the United States Supreme Court's recent opinion in *Berry,* principles of comity might make it appropriate for this court to refrain from exercising its habeas corpus power without requiring exhaustion. *See also* Morgan v. Juvenile & Domestic Relations Court, 491 F.2d 456 (4th Cir. 1973); Whorley v. Brillhart, 373 F.Supp. 83 (E.D.Va.1974). Nevertheless, because of the court's view as to the ultimate disposition of the case, it need not address this issue further.

Although petitioner alleges he could have been sentenced to confinement for ten days to one year, the state court records reveal that, in fact, he was not imprisoned pursuant to any of the convictions which ultimately resulted in his habitual offender classification.[1] Even prospectively, *Argersinger* applies only to uncounseled misdemeanor convictions which resulted in imprisonment. Since Mosby was not imprisoned pursuant to any of the convictions he attacks, even if he was denied counsel at trial and there was no knowing and intelligent waiver of counsel, he is not entitled to habeas corpus relief.

For the aforementioned reasons, this petition is hereby ordered dismissed.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to counsel for respondent.

---

1. Petitioner concedes that no imprisonment was imposed for his driving violation, but notes that he has been imprisoned for failure to pay fines and costs.