Don F. WOOD, Appellant,

v.

SUPERINTENDENT, CAROLINA CORRECTIONAL UNIT, Appellee.

No. 73-1241.

United States Court of Appeals, Fourth Circuit.

Argued April 1, 1974.

Decided Oct. 3, 1974.

Sy DuBow, Richmond, Va. [Court-appointed counsel] for Appellant.

William A. Carter, III, Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen. of Virginia, on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and WIDENER, Circuit Judges.

PER CURIAM:

Petitioner Wood raised two issues in his habeas corpus petition brought under 28 U.S.C. § 2254: (1) whether Virginia Code § 19.1–293, relating to confinement of persons convicted for petit larceny who have been previously sentenced for the same offense, is unconstitutional, and (2) whether the increased sentences for subsequent petit larceny convictions are a collateral result from the initial and second convictions, which were without counsel, and thus are in violation of Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

The district court refused to consider whether Va.Code § 19.1–293 was constitutional on account of Wood's failure to exhaust his state remedy as required by 28 U.S.C. § 2254(b). Ex-haustion was not required, however, for the Argersinger issue, since the Virginia Supreme Court had held in Potts v. Slayton, 213 Va. 432, 192 S.E.2d 780 (1972), that Argersinger was not retroactive and Wood's pursual of state habeas relief would thus have been fruitless. The district court then held that Argersinger was retroactive under this court's holding in Marston v. Oliver, 485 F.2d 705 (4th Cir. 1973), but, plausibly, that it did not apply to this case since the direct and collateral results of the counselless convictions complained of did not result in imprisonment.

Since the district court judgment, which issued on February 20, 1973, the Supreme Court has held in Berry v. City of Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973), that Argersinger does apply retroactively to state court convictions if federal court jurisdiction is otherwise present. The Virginia case of Potts v. Slayton, supra, which had previously held to the contrary, has thus been effectively overruled, and there is no indication Virginia will not follow the Berry case. In view of this, and particularly since state remedies have not been exhausted for the other issue raised, and the case must be remanded in all events, we think the state courts should be given the initial opportunity to pass on the applicability of Argersinger to this case. Wright v. Maryland Penitentiary, 429 F.2d 1101, 1104–1105 (4th Cir. 1970); see Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Accordingly, since the state remedy for neither issue presented here has been exhausted under 28 U.S.C. § 2254 (b), we vacated the judgment of the district court with directions to dismiss the petition without prejudice for failure to exhaust state remedies.

Vacated and remanded.