Edward Eugene BROWN, Jr.,
Petitioner,

v.

STATE OF SOUTH CAROLINA,
Respondent.

Civ. A. No. 74–1533.

United States District Court,
D. South Carolina,
Greenville Division.

Oct. 10, 1974.

Edward Eugene Brown, Jr., pro se.

Daniel R. McLeod, Atty. Gen., for the State of S. C.

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254.

HEMPHILL, District Judge.

Petitioner is a 45-year old white male who is now before this court seeking his *sixth* writ of habeas corpus in forma pauperis.

In 1948 at the age of 18, he was placed on probation for his first federal criminal offense, mail fraud.

In a letter to this court dated November 26, 1973, petitioner admitted to being convicted of 26 offenses under state law between 1948 and 1968.

In 1968 petitioner was sentenced to a term of imprisonment for six years by this trial judge on two counts of mail fraud, in violation of 18 U.S.C. § 1341.

In July, 1973, Brown attacked in the state court seven specific prior *state* felony convictions, for which he had already served the full jail time, and also attacked all other state misdemeanor convictions which were incorporated by reference, on the grounds that he was convicted without benefit of counsel.

In November, 1973, petitioner filed this motion for a writ of habeas corpus to vacate, set aside, and expunge the allegedly invalid state convictions from his criminal record on the grounds that their continuing existence subjects him to substantial deprivations of constitutional and civil rights in violation of the due process clause of the Fourteenth Amendment. In his petition Brown admits that his state administrative remedies are not exhausted but contends, only four months after filing for state

relief, that any continued requirement of the exhaustion of such remedies would be futile in view of "the states [sic] failure to act or respond to petitioners [sic] challenges on [sic] prior invalid convictions."

Petitioner was paroled in December, 1973, for the 1968 *federal* felony conviction and was released from the custody of the United States Attorney General in September, 1974.

## ISSUE

Does a federal court have jurisdiction to consider vacation and expungement of allegedly invalid prior *state* convictions for which petitioner:

(a) is no longer in state custody;

(b) is under similar disability as to a legal deprivation of constitutional and civil rights because of valid *federal* convictions; and

(c) has admittedly not exhausted his state administrative remedies but contends that such a requirement would be futile.

## ANALYSIS

The federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2241(c) which requires that a petitioner be "in custody."

A state parolee is "in custody". Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). A petitioner released on his own recognizance is "in custody". Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Even subsequent release from "custody" after the filing of a petition does not defeat the jurisdiction of a federal court. Carafas v. LaVallee, 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

In this case, by petitioner's own admission, his last state conviction was in 1967 at which time he entered a plea of guilty to the charges of: (1) public drunkenness; (2) disorderly conduct; and (3) possession of an illegal weapon in the Magistrate's Court, Marietta, South Carolina. Prison sentences totaling 90 days were imposed but no fine

was assessed. Petitioner served his sentence at the Central Prison Camp, Greenville County, South Carolina, and was released.

All other previous state convictions no longer pose any possibility of disability upon petitioner, other than the continuing deprivation of any constitutional and civil rights that may possibly befall any person convicted of a felony under state law.

Petitioner contends that the collateral consequences of this continuing legal disability places him "in state custody" within the jurisdictional definitions of 28 U.S.C. § 2241(c) and § 2254, although more than six years have elapsed from the time of his last state conviction to the time of the filing of his petition for relief.

Petitioner ignores the fact that, even if *all* his prior *state* felony convictions were invalidated, he will still continue under the *same* collateral consequences of a legal disability from his *federal* felony convictions. Thus, regardless of the disposition of the present petition, any deprivation of Brown's constitutional and civil rights, arising from his latest *federal* felony conviction, will not be altered one iota.

■ A federal court does not have jurisdiction to issue a writ of habeas corpus if the petition raises only an academic question. Federal courts do not indulge in idle gestures. Therefore, this court must conclude that it lacks jurisdiction over the subject matter because the prerequisites of 28 U.S.C. § 2241(c) and § 2254 are not satisfied that petitioner is in *state* custody or continues under any greater disability than that imposed as a result of his valid *federal* conviction.

In United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), Circuit Judge Aldisert said:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State

court." 28 U.S.C. § 2254. Indeed, in the seminal case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." 372 U.S. at 430, 83 S. Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction. (Emphasis in original; footnotes omitted.)

In a case similar to the present fact pattern, one Morgan was convicted of a misdemeanor in a state court and sentenced to prison. The defendant did not appeal, served his sentence, and did not seek state post-conviction relief. Morgan subsequently sought habeas corpus relief in the federal district court, contending that he was denied counsel at his state trial. The court dismissed the petition for failure to exhaust state administrative remedies and the petitioner sought a certificate of probable cause to appeal.

In issuing a memorandum decision, which this court recognizes as lacking precedential quality, the Fourth Circuit, per Chief Circuit Judge Haynsworth and Circuit Judges Russell and Field, said in Morgan v. Juvenile & Domestic Relations Court, Halifax County, Virginia, 491 F.2d 456 (1974):

> [P]etitioner's claim is not supported by *Argersinger* [v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)]. In Marston v. Oliver, 485 F.2d 705 (4th Cir. 1973), we held that where the direct or collateral consequences of a misdemeanor conviction do not relate to the loss of liberty or improsonment [sic] of the defendant, *Argersinger* should not be applied retroactively to invalidate prior convictions. Even prospectively *Argersinger* excises from the uncounseled misdemeanor conviction only those consequences, direct or collateral, which relate to loss of liberty or imprisonment.

Since Morgan is no longer imprisoned and alleges no collateral consequences placing his continued liberty in jeopardy, even if he was denied counsel at trial and there was no knowing and intelligent waiver of counsel, he is not entitled to habeas corpus relief. See Berry v. Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973).

Thus, reaching the conclusion that this court is without jurisdiction to entertain Brown's petition, it is unnecessary to decide whether a requirement that he exhaust his state administrative remedies would be futile.

Although petitioner was paroled in December, 1973, and thus capable of returning to honest work, this court will allow him to proceed *in forma pauperis*, without prepayment of the necessary filing fees, upon Brown's affidavit of impoverishment.

## CONCLUSIONS

It is ordered that the petitioner is allowed to proceed *in forma pauperis*.

It is further ordered that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

And it is so ordered.