PEOPLE v HALL

1. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—MISDE-
   MEANORS—FELONIES—ORDINANCE VIOLATIONS—IMPRISONMENT
   —CASE PRECEDENT—RETROACTIVE APPLICATION.
   No person may be imprisoned for any offense, whether classified
   as petty, misdemeanor, or felony, including prosecutions for
   violations of municipal ordinances, where that person has been
   denied the assistance of counsel; a United States Supreme
   Court decision to this effect is retroactively applicable.

2. CRIMINAL LAW—APPEAL AND ERROR—CONVICTIONS—MOOTNESS—
   JUSTICIABILITY.
   The issue whether a defendant's misdemeanor conviction for
   assault and battery should be reversed is not moot, although
   the defendant has already served his sentence, because suffi-
   cient collateral consequences flow from the conviction to estab-
   lish a justiciable case.

Appeal from St. Clair, Kenneth J. Stommel, J. Submitted Division 2 March 10, 1975, at Detroit. (Docket No. 17743.) Decided June 27, 1975.

Charles Hall was convicted in district court of assault and battery. Defendant appealed to circuit court. Affirmed. Defendant appeals by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 309 et seq.
[2] 5 Am Jur 2d, Appeal and Error §§ 760 et seq., 913.
   When criminal case becomes moot so as to preclude review of or
   attack on conviction or sentence—Federal cases. 1 L Ed 2d 1876.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. Defendant, Charles Hall, was convicted of the misdemeanor of assault and battery, MCLA 750.81; MSA 28.276, after a trial before District Judge James M. Kelly sitting without a jury. Defendant was sentenced to serve five days concurrently with a sentence already imposed. Defendant appealed to the St. Clair County Circuit Court and his conviction was affirmed. Defendant now appeals to this Court upon leave granted.

Defendant first contends that his conviction must be reversed because he was at no time advised of his right to an attorney or afforded the assistance of an attorney. We agree. In *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972), decided June 12, 1972, the United States Supreme Court held:

> "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.
>
> "That is the view of the Supreme Court of Oregon, with which we agree. It said in *Stevenson v Holzman,* 254 Or 94, 102, 458 P2d 414, 418:
>
> " 'We hold that no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment. This holding is applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances. The denial of the assistance of counsel will preclude the imposition of a jail sentence.' " (Footnotes omitted.) 407 US 25, 37–38; 92 S Ct 2006, 2012–2013; 32 L Ed 2d 530, 538–539.

See also *People v Studaker,* 387 Mich 698; 199 NW2d 177 (1972).

While defendant's trial in the instant case occurred on January 25, 1972, prior to the decisional date of *Argersinger v Hamlin, supra,* he is not, because of that fact, deprived of its benefit. In *Berry v Cincinnati,* 414 US 29; 94 S Ct 193; 38 L Ed 2d 187 (1973), a unanimous United States Supreme Court held that persons convicted prior to the decisional date of *Argersinger* were entitled to the benefit of the rule stated therein "if they allege and prove a bona fide, existing case or controversy sufficient to invoke the jurisdiction of a federal court". *Berry v Cincinnati, supra* at 30; 94 S Ct at 194; 38 L Ed 2d at 189. In the case at bar defendant has properly pursued his appellate remedies from the time of his conviction and at each step of the appellate process has raised the right to counsel argument. In the circuit court the prosecution argued that the issue of whether defendant's conviction should be reversed on this basis was moot because defendant had already served his time. The circuit court judge held, on the basis of *Sibron v New York,* 392 US 40; 88 S Ct 1889; 20 L Ed 2d 917 (1968), that the case was not moot and that sufficient collateral consequences flowed from defendant's conviction to establish a justiciable case. We agree with this determination, although not for all the reasons stated therein,[1] and find, therefore, that defendant is entitled to the benefit of the rule announced in *Argersinger.*

Defendant herein was convicted of the misdemeanor of assault and battery and sentenced to serve five days in jail without the aid of an attorney to assist in his defense and without ever

---

[1] *See People v Renno,* 392 Mich 45; 219 NW2d 422 (1974).

having been advised of his right to an attorney. Under *Argersinger* defendant was entitled to be represented by an attorney if he so desired and the failure to inform him of his rights in this regard requires the reversal of his conviction. We are not at all persuaded by the prosecution's argument that since the sentence imposed by the trial judge was to be served concurrently with another sentence, *Argersinger* does not require reversal.

Defendant's next argument, that under the factual circumstances here presented he could not, as a matter of law, be convicted of assault and battery because he was legally justified in using the force he did, is without merit. Defendant's defense in this regard is a question which depends on credibility and the weight to be accorded the testimony of various witnesses. A determination of the validity of this defense properly belongs to the finder of facts.

Defendant's final contention, raised by supplemental brief, is answered by the recent decision of our Supreme Court in *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974), which decided the issue adversely to the position espoused by defendant.

Reversed and remanded.