Charles Whitmore LA BAR, Jr.,
Plaintiff,

v.

J. C. GOODMAN, Chief of Police of the
Mecklenburg Police Department,
Defendant.

No. C-C-75-42.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Aug. 5, 1975.

S. Patrick Hunter, Jr., Law Enforcement Center, and Frank B. Aycock, III, Mraz, Aycock, Casstevens & Davis, Charlotte, N. C., for defendant.

## ORDER

McMILLAN, District Judge.

Plaintiff, Charles Whitmore La Bar, Jr., submitted a complaint under 42 U. S.C. § 1983, which was filed *in forma pauperis* on February 12, 1975. He alleges that on November 20, 1964, he was arrested, without warrant or probable cause, by members of the Charlotte Police Department on worthless check charges. He further claims that the Charlotte police never informed him of his right to counsel. He also alleges that the Federal Bureau of Investigation was informed of his arrest and put the

information in its files. He seeks a declaratory judgment that his rights were violated, an injunction requiring the defendant to withdraw the entry given to the F. B. I., and money damages totaling $11,000.00.

On March 3, 1975, the defendant moved to dismiss for failure to state a claim upon which relief may be granted. A conference with defense counsel was held in chambers. After the conference the court requested the Clerk of the Superior Court of Mecklenburg County to send a copy of the records relating to La Bar's arrest of November 20, 1964. These records, which were received on April 21, 1975, show that La Bar pleaded guilty to six worthless check charges, that he was not represented by counsel, and that he received on each charge a thirty-day sentence, suspended for five years on the condition that he not be found guilty of violating North Carolina's worthless check laws. There is no indication that the suspended sentences were ever put into effect, and the plaintiff did not so allege.

■ On the basis of this available evidence, defendant's motion to dismiss for failure to state a claim should be denied. Whether La Bar was, as he alleges, arrested without either warrant or probable cause, is a question of fact and law which the court cannot resolve on the record as it now stands.

■ In addition to the arrest issue, La Bar also claims that the police never informed him of his right to counsel. Since La Bar is a layman and filed the present suit *pro se*, and since he seeks to have information concerning his arrest withdrawn from the F.B.I. files, the court interprets this part of the action as a request that La Bar's convictions be deemed void and be removed from the F.B.I. records on the ground that he was not represented by counsel and did not waive his right to counsel.

This claim has merit and should not be dismissed. The Supreme Court, in *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2013, 32 L.Ed.2d 530 (1972) (which was held to apply retroactively in *Berry v. City of Cincinnati*, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973)), held that "no person may be imprisoned for any offense . . . unless he was represented by counsel at his trial." Interpreting the scope of this decision the Fourth Circuit Court of Appeals said in *Marston v. Oliver*, 485 F.2d 705, 708 (4th Cir. 1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974):

> "In sum, *Argersinger* purported to excise from the misdemeanor conviction only those consequences that related to loss of liberty and imprisonment. So far as its direct or collateral consequences are the loss of liberty on the part of the defendant, *Argersinger* applies . . ."

A district court within this circuit noted recently that "[i]t may be . . . that the 'loss of liberty' to one who is on probation or parole is sufficient so as to justify relief under *Argersinger*." *Hensley v. Ranson*, 373 F.Supp. 88, 90 Footnote 5 (E.D.Va.1974).

■■ This court is of the opinion that under these circumstances La Bar's right to counsel was violated when he received a conditional suspended sentence, whether or not he was ever actually incarcerated as the result of this sentence. Such a sentence is, at the very least, a threatened loss of liberty, *Hall v. Bostic*, 391 F.Supp. 1297 (W.D. N.C.1974), and should, therefore, trigger the *Argersinger* requirement of counsel. A judge who chooses to try an indigent defendant without counsel loses not only the alternative of sentencing that defendant directly to jail but also the alternative of giving a suspended sentence which carries with it the usual restrictions on liberty, including the possibility of incarceration as a result of the conviction.

It is therefore ordered that the motion to dismiss be denied.