Raymond M. SCOTT

v.

Vern HILL, Commissioner, DMV,

and

W. H. Brillhart, Director, etc.

Civ. A. No. 75–0376–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 11, 1976.

Vann H. Lefcoe, Lester E. Schlitz, Schlitz, Levy & Livesay, Ltd., Portsmouth, Va., for plaintiff.

Stuart Bateman and Jim L. Chin, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

The parties herein entered into the following stipulation of facts pertinent to the above styled action:

Plaintiff Raymond M. Scott is a citizen of the United States and a resident of the City of Virginia Beach, Virginia. Defendant W. H. Brillhart occupied the position of Director of the Bureau of Safety and Responsibility of the Division of Motor Vehicles (DMV) of the Commonwealth of Virginia during the time mentioned herein.

Prior to 31 January 1972, plaintiff was the holder of Virginia automobile operator's license # S03552–66964–956015. On 31 January 1972, plaintiff was convicted of driving while intoxicated (DUI) in the Circuit Court of the City of Virginia Beach. Pursuant to said conviction, plaintiff's operating privilege was suspended for one year, and in accordance with said order plaintiff duly surrendered his operator's license. On 14 December 1973 plaintiff was ordered to appear in the Circuit Court of the City of Virginia Beach on 12 February 1974, and show cause why he should not be adjudged an "habitual offender" as provided in the Virginia Habitual Offender Act, Va.Code Ann. § 46.1–387.1 (Repl. Vol.1974). Certifications by DMV officials of copies of abstracts and reports of convictions involving the plaintiff formed the basis for the habitual offender proceeding. Listed among said reports were the following:

Report of Conviction or Forfeiture of Bond or Plea of Guilty for violation of Motor Vehicle Laws received from the State of Georgia, certifying that Raymond Milton Scott, 10578 Eagle Drive, Jonesboro, Ga., was convicted in that State on June 1, 1969, of "DUI."

Report of Conviction or Forfeiture of Bond or Plea of Guilty for Violation of Motor Vehicle Laws received from the State of Georgia, certifying that Raymond Milton Scott, 10578 Eagle Dr., Jonesboro, was convicted in that State on June 23, 1969, of "DUI."

Report of Conviction or Forfeiture of Bond or Plea of Guilty for Violation of Motor Vehicle Laws received from the State of Georgia, certifying that Raymond M. Scott, 10578 Eagle Dr., Jonesboro, Ga., was convicted in that State on December 8, 1969, of "D. U. I. and revoked license."

Raymond M. Scott, plaintiff herein, is the individual who is described in the Georgia reports of conviction or forfeiture.

No evidence was presented with respect to the right to and absence of counsel at the aforementioned Georgia trials at the habitual offender proceeding. Although he was not, in fact, represented by counsel, nor advised of his right to such representation, Raymond M. Scott was never incarcerated nor did he receive a jail sentence pursuant to those convictions or forfeitures described in the Georgia reports referred to in the above paragraph.

At the habitual offender hearing, Scott's counsel moved to strike the Commonwealth's evidence on the ground that the Commonwealth failed to prove that the Georgia statutes which produced the 1969 convictions were "substantially conforming" to the Virginia drunk driving statute pursuant to the requirements of Va.Code Ann. 46.1–387.2(c). This motion was granted and the habitual offender proceeding was dismissed by order entered 25 April 1974. Although Scott was never required to present a defense, as a result of the motion to strike being sustained, no issue was made in the habitual offender proceeding of Scott's identity as the individual named in the Georgia abstracts.

The convictions which were at issue in the above Section 46.1–387.1 proceeding also had formed the basis for two prior Section 46.1–421(b) Orders of Revocation

and Suspension directed to Scott which permanently revoked his license to drive. Va.Code Ann. § 46.1–421(b) (Repl.Vol. 1974) states:

Notwithstanding any other provisions of law, the Commissioner shall forthwith revoke and not thereafter reissue the operator's or chauffeur's license of any person upon receiving a record of a third conviction of such person for a violation of the provisions of § 18.1–54 pertaining to driving while under the influence of drugs or intoxicants, or a federal law, or law of any other state or a valid ordinance of any city, town or county of this State, similar to § 18.1–54, notwithstanding the length of time between violations; provided, however, that each of said convictions occurs after July one, nineteen hundred sixty-four. At the expiration of ten years from the date of the revocation hereunder, such person may petition any court of record having criminal jurisdiction in the county or city wherein such person resides, and for good cause shown, said license may in the discretion of the court be restored on such terms and conditions as the court may prescribe.

These prior orders had been issued and were effective as of 21 February 1971 and as of 31 March 1972, respectively, and were mailed to 1543 Michigan Avenue, Virginia Beach, Virginia, the address that Scott listed on his driver's permit. However, Scott, for some unexplained reason, had not received notice of the issuance of these Orders until 17 September 1973.

On or about 24 April 1975, plaintiff applied for and was issued a new Virginia automobile operator's license. Apparently this operator's license was issued without an examination of the DMV records. Such an examination would have revealed the Section 46.1–421(b) revocation orders which were still in effect. Upon subsequently discovering their error, defendants notified plaintiff that his operating privileges remained revoked and that the 24 April 1975 operator's license was invalid. He was directed to surrender said license immediately. This notification was expressly based on the aforementioned Orders of Revocation and Suspension issued 25 February 1971 and 31 March 1972.

Plaintiff was not afforded any hearing or other proceeding in which to contest the validity of the orders of 21 February 1971, 31 March 1972 or 24 April 1975. In compliance with the order of 24 April 1975 plaintiff surrendered his 1975 operator's license to defendants. Thereupon plaintiff filed this action against defendants pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments alleging defendants deprived him of his right to operate an automobile without due process of law.

The due process allegation is based on the following grounds: the Georgia convictions were void for all purposes under the rule of *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), as applied retroactively in *Berry v. City of Cincinnati,* 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973). Their use in the revocation of plaintiff's operating privileges pursuant to Va.Code Ann. § 46.1–421(b) (Repl.Vol.1974), denied plaintiff of due process. Further, defendants' failure to provide plaintiff with notice of the propose revocation under *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) deprived him of a right to operate his automobile without due process of law. In addition to these federal claims, plaintiff argues that the dismissal of the habitual offender Section 46.1–387.1 proceeding results in a *res judicata* determination such that defendants are precluded from using the same convictions to deprive plaintiff of his drivers license under Va.Code Ann. § 46.1–421(b).

Pursuant to order of the Court, briefs have been submitted by opposing counsel and the cause is now ripe for determination on the merits upon the briefs, pleadings, stipulation of facts and exhibits filed herein.

■ With respect to the *Argersinger-Berry* claim, we find that the Georgia convictions, not resulting in a depriva-

tion of liberty, are not voided *per se* under *Argersinger.* *Morgan v. Junveile and Domestic Relations Court,* 491 F.2d 456, 457 (4th Cir. 1974); *Marston v. Oliver,* 485 F.2d 705, 707 (4th Cir. 1973); *see Mays v. Harris,* 523 F.2d 1258 (4th Cir. 1975); *Whorly v. Commonwealth,* 215 Va. 740, 214 S.E.2d 447 (1975). Therefore, no *Argersinger* claim exists in this case.

Nor is this a *Bell v. Burson* case. There the infirmity was that the licensee had been deprived of his operator's license without his ever having an opportunity for a hearing. Here plaintiff had three opportunities for a hearing on the underlying convictions and, as above noted, the underlying convictions are not void on the basis of any federal right or immunity. Loss of an operator's license is not loss of a liberty. *Ferguson v. Gathright,* 485 F.2d 504, 506 (4th Cir. 1973). As was suggested in *Bell, supra,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d at 96–97, a State may base an operator's license suspension on the outcome of a civil action for damages brought by the injured party. If this be a permissible procedure it seems equally permissible, so far as federal law is concerned, for Virginia to base its suspension upon' three criminal drunk driving convictions.[1]

In essence this is not a federal case at all. It is a case involving the interpretation of Virginia's scheme for getting unsafe drivers off the road. The Division of Motor Vehicles admittedly handled this case in a bumbling fashion, but every State error does not entitle one to federal relief.

If the Virginia Beach Circuit Court judgment is *res judicata,* barring the administrative suspension, it is *res judicata* under State law—not federal. Whether or not plaintiff is entitled to relief under State law, it is clear there has been no deprivation of a federally protected right.

For the foregoing reasons this action is dismissed without prejudice to seeking relief under State law.

An appropriate order shall issue.

---

1. *Almeida v. Lucy,* 372 F.Supp. 109 (D.Mass. 1974) supports the proposition that the Commonwealth may depend upon prior due process criminal misdemeanor trials as a basis for suspension without any federally mandated necessity for an administrative due process hearing.