## Manuel FLORES

### v.

## Roderick HICKMAN, et al.

## No. CV 06–4299RSWLRC.

United States District Court,
C.D. California.

May 9, 2007.

Verna Wefald, Pasadena, CA, for petitioner.

Corey J. Robins, Deputy Attorney General, Los Angeles, CA, for respondent.

---

4. The motion of co-defendant Johnson, who joined in Kang's motion, is also **DENIED**.

**PROCEEDINGS: (IN CHAMBERS) ORDER APPOINTING COUNSEL FOR PETITIONER FOR LIMITED PURPOSES; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE FOUND TO BE UNEXHAUSTED; AND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE STAYED WHILE PETITIONER EXHAUSTS GROUND ONE BEFORE THE CALIFORNIA SUPREME COURT**

CHAPMAN, United States Magistrate Judge.

On July 7, 2006, petitioner Manuel Flores, aka Manuel Gutierrez Flores, proceeding pro se, filed the pending petition for writ of habeas corpus under 28 U.S.C. § 2254, and on August 30, 2006, respondent filed an answer. On September 15, 2006, petitioner filed a reply or traverse.

The petitioner raises the following claims in his habeas corpus petition:

Ground One—"The imposition of an upper term sentence violated *Blakely v. Washington* and U.S. Constitution 6th Amend. (Right to jury) and 14th Amend. (Due Process)." (Petition at 6).

Ground Two—The trial court's "[e]rroneous admission of hearsay testimony violated the confrontation clause of the 6th Amend. to the U.S. Constitution." (*Id.*)

Ground Three—"Restitution Fine violates the Due Process Clause of the 14th Amend. of the U.S. Constitution." (Petition at 7).

## BACKGROUND

On November 17, 2003, in Los Angeles County Superior Court case no. BA249759, a jury convicted petitioner of one count of possession of a controlled substance in violation of California Health and Safety Code ("H.S.C.") § 11350(a) (count 4); however, the jury could not reach a unanimous verdict on the other charges against petitioner for attempted premeditated murder in violation of California Penal Code ("P.C.") §§ 664/187(a) (count 1), assault with a firearm in violation of P.C. § 245(a)(2) (count 2), carrying a loaded firearm in violation of P.C. § 12031(a)(2)(f) (count 3), and destroying evidence in violation of P.C. § 135 (count 5). Clerk's Transcript ("CT") 45–48, 164–68. On February 27, 2004, after a second trial, a jury convicted petitioner of counts 2 and 3, and as to count 2, the jury found petitioner personally inflicted great bodily injury upon Tameka Jackson within the meaning of P.C. § 12022.7(a) and petitioner personally used a firearm within the meaning of P.C. § 12022.5(a); however, once again, the jury could not reach a verdict on count 1.[1] CT 278–84.

On March 11, 2004, petitioner was sentenced on count 2 to the upper term of four years, plus three years under P.C. § 12022.7(a) and ten years under P.C. § 12022.5(a), and on counts 3 and 4 to the upper term of three years on each count, to run concurrently, for the total term of 17 years in state prison. CT 285–87. In addition, the court ordered petitioner to make restitution to Tameka Jackson under P.C. § 1202.4(f) in the amount of $10,000.00. CT 286.

The petitioner appealed his convictions and sentence to the California Court of Appeal, which, in an unpublished opinion filed June 8, 2005, affirmed the judgment. Lodgments B–D. The petitioner filed a petition for review in the California Supreme Court, which, on August 17, 2005, denied review "without prejudice to any relief to which [petitioner] might be entitled upon the finding of *People v. Black* (2005) 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 113 P.3d 534 regarding the effect of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct.

---

1. Count 5 was dismissed by the prosecution. CT 202.

2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), on California law." Lodgments E–F.

## DISCUSSION

■ A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. §§ 2254(b) and (c); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc). The exhaustion requirement "reduces friction between the state and federal court systems by avoiding the 'unseemliness' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *Boerckel*, 526 U.S. at 844–45, 119 S.Ct. at 1732 (brackets omitted). However,

> [t]he principle that state remedies are exhausted if the federal claim has once been presented to the highest state court, and that it is not necessary to make repeated applications or to try other state remedies, is qualified if there has been an intervening change in the law. If a prisoner has exhausted his state remedy unsuccessfully, but there is an intervening Supreme Court decision that might induce the state courts to give relief, the prisoner will be required to apply again for relief from the state courts so that they may have the first opportunity to apply the new Supreme Court decision.

17B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper and Vikram David Amar, *Federal Practice and Procedure* § 4264.4, p. 276 (3d ed.2007). In other words, further exhaustion may be required where "an intervening change in federal law cast the legal issue in a fundamentally different light...." *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Blair v. California*, 340 F.2d 741, 744 (9th Cir.1965); *see also Wood v. Superintendent, Carolina Corr. Unit*, 504 F.2d 1069, 1070 (4th Cir.1974) (further exhaustion required when intervening Supreme Court decision "effectively overruled" Virginia Supreme Court case).

On June 20, 2005, the California Supreme Court decided *People v. Black*, 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 113 P.3d 534 (2005), *vacated by, Black v. California*, —— U.S. ——, 127 S.Ct. 1210, 167 L.Ed.2d 36 (2007), holding that under California's Determinate Sentencing Law ("DSL"), "the upper term is the 'statutory maximum' and a trial court's imposition of an upper term sentence does not violate a defendant's right to a jury trial under the principles set forth in [*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).]" *Id.* at 1254, 29 Cal. Rptr.3d 740, 113 P.3d 534. However, on January 22, 2007, the Supreme Court decided *Cunningham v. California*, —— U.S. ——, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), which rejected *Black* and held "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum[,]" and "[b]ecause circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt, the DSL violates *Apprendi's* bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.* at 868 (citations omitted); *see also Id.* at 871 ("Contrary to the *Black* court's holding, our decisions

from *Apprendi* to *Booker* point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum. Because the DSL authorizes the judge, not the jury, to find the facts permitting an upper term sentence, the system cannot withstand measurement against our Sixth Amendment precedent." (footnote omitted)). Although *Cunningham* expressly disapproved *Black's* holding and reasoning, no California court has had the opportunity to consider petitioner's sentencing claim in light of *Cunningham.*

█ Here, *Cunningham* is an intervening change in the law that overruled the California Supreme Court's decision in *Black,* and certainly might induce a California court to grant petitioner relief as to his *Blakely* claim (Ground One). Since no California court has had the opportunity to consider petitioner's sentencing claim in light of *Cunningham,* this Court now issues an Order to Show Cause why petitioner should not be required to further exhaust Ground One. Additionally, this Court now issues an Order to Show Cause why these proceedings should not be stayed while petitioner further exhausts Ground One. *See Rhines v. Weber,* 544 U.S. 269, 278, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005) ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). So petitioner can properly respond to these Orders to Show Cause, the Court has determined to appoint counsel for petitioner.

### ORDER

1. This Court, pursuant to 18 U.S.C. § 3006A, hereby appoints Verna Wefald, attorney-at-law, 65 North Raymond Avenue, Suite 320, Pasadena, California 91103 (telephone (626) 577-2658, facsimile (626) 685-2562), as counsel to represent petitioner for the limited purpose of responding to this Court's Orders to Show Cause and to appeal, if necessary, the rulings on those Orders.

2. The Clerk shall mail to petitioner's newly appointed counsel the following documents: the petition for writ of habeas corpus filed July 7, 2006; respondent's answer filed August 30, 2006; and petitioner's reply or traverse filed September 15, 2006.

3. The respondent shall provide Ms. Wefald with copies of all lodged documents, within ten (10) days of this Order.

4. The parties, concurrently, ARE ORDERED to Show Cause, no later than thirty (30) days from the date of this Order, why this Court should not find Ground One to be unexhausted, for the reasons discussed herein, and why this action should not be stayed while petitioner exhausts Ground One in the California courts.

5. The Clerk of Court shall serve this Order on Ms. Wefald and the parties. The Clerk shall also correct the docket sheet to add Ms. Wefald as counsel for petitioner.